UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
GERARD SUNNEN, MD, :
:
Plaintiff, :
: 17-CV-1014 (VSB)
- against - :
: **OPINION, ORDER &**
: **ORDER TO SHOW CAUSE**
NEW YORK STATE DEPARTMENT OF :
HEALTH and DR. HOWARD A. ZUCKER, :
MD, COMMISSIONER OF NEW YORK :
STATE DEPARTMENT OF HEALTH, :
:
Defendants. :
:
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/2018

Appearances:

Gerard Sunnen
200 East 33rd Street, 26J
New York, New York 10016
*Pro se Plaintiff*

Maryam J. Dorcheh
Office of the New York State Attorney General
New York, New York 10271
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Pro se Plaintiff Gerard Sunnen, M.D., brings this action alleging claims against Defendants New York State Department of Health and Dr. Howard A. Zucker, Commissioner of New York State Department of Health, for employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 296, *et seq.*, and the New York City Human Rights Law (the "NYCHRL"), N.Y. City Admin. Code §§ 8-107, *et seq.*; for failure to afford him due process, in violation of 42 U.S.C. § 1983; and for libel, in violation of New York State law.

Before me is Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), (Doc. 13), Defendants' motion for entry of a filing injunction against Plaintiff, (*id.*), and Plaintiff's motion for leave to amend the Complaint, (Doc. 24). Because I lack subject matter jurisdiction over Plaintiff's claims, the claims are outside the statute of limitations, and they are barred by res judicata, Defendants' motion to dismiss is GRANTED, Plaintiff's motion for leave to amend the Complaint is DENIED as futile, and Plaintiff is ordered to show cause why a filing injunction should not be entered against him.

I. **Background**[1]

Plaintiff is a medical doctor of French national origin who began working as an intern in medicine and surgery at Bellevue Hospital Center in 1967. (Compl. 18, 20.)[2] He began a three-year residency in psychiatry and neurology at Bellevue in 1968. (*Id.* at 20–21). After completing his residency, Plaintiff entered the U.S. Air Force and served until 1973, and then returned to Bellevue and worked in various capacities until 1996. (*Id.* at 21.) During his employment at Bellevue, Plaintiff's "performance reports were stellar." (*Id.*)

In 1996, Defendant New York State Department of Health ("DOH") brought proceedings against Plaintiff concerning his professional practice (the "1996 Proceedings"). (*Id.*) A hearing was held, at which DOH presented "bogus" allegations against Plaintiff, who had no opportunity to challenge those allegations because he "was denied any and all witnesses for [his] defense." (*Id.*) Plaintiff claims that DOH "coached their witnesses to lie," and that one of his previous

---

[1] The following factual summary is drawn from the allegations in the Complaint and documents attached to it, (Doc. 1), unless otherwise indicated, which allegations I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to the Complaint, filed on February 10, 2017. (Doc. 1.) Because the Complaint is not consecutively paginated, the page citations I use in this Opinion, Order & Order to Show Cause refer to the page number assigned by the Electronic Case Filing system.

bosses at Bellevue who held anti-French views had some role in bringing the proceeding. (*Id.*)
Following the proceeding, Plaintiff's medical license was revoked, and he was forced to resign
from Bellevue. (*Id.*)

Plaintiff claims that DOH "in some form or manner was [his] employer from 1968 to
1996 (except for two years in the [Air Force])." (*Id.*) In addition, DOH bestowed and revoked
Plaintiff's medical license. (*Id.* at 21–22.) After the revocation of his medical license and forced
resignation, Plaintiff "was also prevented from being hired anywhere and everywhere." (*Id.*)

At some point after the 1996 Proceedings, DOH published certain facts regarding the
proceeding on its official website. (*Id.* at 22.) The facts "derive from the allegations of two
plaintiffs that were impossible to counter because all defense witnesses were summarily denied."
(*Id.*) Plaintiff claims that the publication contains "extensive falsehoods about things [he] never
did nor said." (*Id.*) The public can presently access the website. (*Id.*)

Plaintiff claims that he filed a charge with the U.S. Equal Employment Opportunity
Commission ("EEOC") on February 23, 2003, (*id.* at 14), but the only charge attached to his
Complaint is dated October 27, 2016, (*id.* at 20). On November 22, 2016, the EEOC dismissed
Plaintiff's charge on the basis that it did not have jurisdiction because the charge was untimely
filed, and it issued a notice of right to sue. (*Id.* at 9.)

Plaintiff has brought at least three other federal actions in this Court and multiple actions
in New York state courts alleging substantially the same claims he does here against DOH and
other defendants based on substantially the same facts alleged here. *See, e.g.*, *Sunnen v. U.S.
Dep't of Health & Human Servs.*, No. 13 Civ. 1242(PKC), 2013 WL 1290919 (S.D.N.Y. Mar.
28, 2013); *Sunnen v. New York State Dep't of Health*, No. 12 Civ. 3417(CM), 2012 WL 6645942
(S.D.N.Y. Dec. 21, 2012), *aff'd in part, vacated in part*, 544 F. App'x 15 (2d Cir. 2013); *Sunnen*

3

*v. New York*, No. 10 Civ. 372(PKC), 2010 WL 3912728 (S.D.N.Y. Sept. 10, 2010); *Sunnen v. New York State Dep't of Health*, 789 N.Y.S.2d 427 (1st Dep't 2005); *Sunnen v. Admin. Review Bd. for Prof'l Med. Conduct*, 666 N.Y.S.2d 239 (3d Dep't 1997).[3]  Each of Plaintiff's prior actions was dismissed.

## II. Procedural History

Plaintiff filed this action on February 10, 2017.  (Doc. 1.)  Defendants filed their motion to dismiss and memorandum of law in support on April 6, 2017.  (Docs. 13–14.)  Plaintiff filed his opposition by letter dated April 19, 2017.  (Doc. 19.)  On May 3, 2017, Defendants filed their reply memorandum.  (Doc. 21.)  On March 12, 2018, Plaintiff filed a letter requesting leave to amend his Complaint to add the New York State Department of Education as a defendant in this action.  (Doc. 24.)  Plaintiff opposed that request on March 16, 2018.  (Doc. 25.)

## III. Legal Standards

### A. *Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also* Fed R. Civ. P. 12(b)(1).  If challenged, a plaintiff is required to show that subject matter jurisdiction exists by a preponderance of the evidence, *Makarova*, 201 F.3d at 113, and in analyzing such a challenge "the district court must take all uncontroverted facts in the complaint . . . as true, and draw reasonable inferences in favor

---

[3] The background and fact sections of these other cases indicate that the State Board of Professional and Medical Conduct of DOH revoked Plaintiff's license after it determined at the 1996 Proceedings that Plaintiff had "engaged in sexual relations with two patients, prescribed them prescription medicine despite symptoms of addiction, provided them alcohol and failed to maintain adequate professional records." *Sunnen*, 2010 WL 3912728, at *1 (citing the complaint filed in that action); *see also* <u>Sunnen</u>, 789 N.Y.S.2d at 428 ("Plaintiff's license to practice psychiatry was revoked in 1996 for engaging in sexual relations with two of his patients, improperly prescribing medication for them, and consuming alcohol with one of them.").

4

of the party asserting jurisdiction," *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)). Furthermore, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court "has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon*, 752 F.3d at 243 (quoting *APWU*, 343 F.3d at 627); *see also Makarova*, 201 F.3d at 113.

### B. *Rule 12(b)(6)*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* Furthermore, a complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

IV. **Discussion**

   A. *Sovereign Immunity*

Defendants contend that Plaintiff's claims for violations of § 1983, the NYSHRL, the NYCHRL, and for libel should be dismissed as barred by the Eleventh Amendment of the United States Constitution. (Defs.' Mem. 4–7.)[4] In other words, Defendants argue that I do not have

---

[4] "Defs.' Mem." refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss, filed April 6,

subject matter jurisdiction in this action. I agree.

The Eleventh Amendment protects states, state instrumentalities, and state officials acting in their official capacity from suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–99 (1984); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (holding that Eleventh Amendment extends to state agents and instrumentalities). Absent abrogation of sovereign immunity by Congress or consent or waiver by the state, states and state officials are cloaked in the Eleventh Amendment's sovereign immunity and are immune from suit. *Pennhurst*, 465 U.S. at 99. In enacting § 1983, Congress did not abrogate the sovereign immunity of the states under the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 341–42 (1979). It is thus well-settled that neither states, nor state officials acting in their official capacity, are "persons" subject to liability under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Eleventh Amendment immunity also extends to state-law claims against a state or state official acting in her official capacity. *Pennhurst*, 465 U.S. at 121 ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."). New York State has not consented or waived its sovereign immunity to suits arising under the NYSHRL or NYCHRL. *Widomski v. State Univ. of N.Y. (SUNY) at Orange*, 933 F. Supp. 2d 534, 554 n.16 (S.D.N.Y. 2013) ("New York has not waived its Eleventh Amendment immunity for NY[S]HRL suits in federal court."), *aff'd*, 748 F.3d 471 (2d Cir. 2014); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) ("The City of New York does not have the power to abrogate the immunity of the State, and we have found no evidence that the State has consented to suit in federal court under the NYCHRL."). In addition,

---

2017. (Doc. 14.)

7

the Eleventh Amendment bars state law tort claims, such as libel, against states that have not consented or waived immunity. *See Sunnen*, 2012 WL 6645942, at *6 ("Libel and slander are state law tort claims that this court cannot entertain against the DOH. Therefore, the libel and slander claims are barred by the Eleventh Amendment.").

Plaintiff fails to provide any basis on which to conclude that the Eleventh Amendment does not insulate DOH or Commissioner Zucker from suit for claims for violations of § 1983, the NYSHRL, the NYCHRL, or for libel under New York State law.[5] (*See generally* Pl.'s Opp.)[6] Because DOH is an instrumentality of the state and Commissioner Zucker is a state official who was sued in his official capacity,[7] the Eleventh Amendment protects them from suit with respect to those claims, and those claims are therefore dismissed for lack of subject matter jurisdiction.[8]

### B.  *Statute of Limitations*

Even if Plaintiff's claims were not barred by the Eleventh Amendment, they would be barred by the statute of limitations for each claim. Defendant's § 1983 claim would be time-barred under the three-year limitations period for § 1983 claims in New York, since Plaintiff became aware of his due process claim at the time it purportedly arose, in 1996 when his medical

---

[5] Plaintiff's Complaint cannot be read as requesting prospective injunctive relief, but even if it could, the exception to Eleventh Amendment immunity for prospective injunctive relief, *see Edelman v. Jordan*, 415 U.S. 651, 666–67 (1974), does not apply to state law claims, *see Pennhurst*, 465 U.S. at 104–06.

[6] "Pl.'s Opp." refers to Plaintiff's letter in response to Defendant's memorandum of law, filed on April 19, 2017. (Doc. 19.)

[7] Plaintiff does not indicate whether Commissioner Zucker was sued in his individual or official capacity. (*See generally* Compl.) However, because there are no allegations that Commissioner Zucker was personally involved in any of the alleged violations contained in the Complaint, I find he was sued in his official capacity. *See Shekhem'El-Bey v. New York*, 464 F. Supp. 2d 329, 334 n.3 (S.D.N.Y. 2006) ("Absent a single allegation that the individual defendants acted outside the scope of their employment or were otherwise personally involved in the alleged violations . . . plaintiff's claims . . . are viable only as official capacity claims.").

[8] As outlined above and in this Opinion, Order & Order to Show Cause, Plaintiff's federal and state claims fail and must be dismissed. However, assuming that his state law claims somehow survived, I would decline to exercise supplemental jurisdiction over his state law claims. *Golian v. N.Y.C. Admin. for Children Servs.*, 282 F. Supp. 3d 718, 733 (S.D.N.Y. 2017) (dismissing state law claims where federal claims were dismissed, no other basis for jurisdiction over state law claims existed, and litigation was still at an early stage).

license was revoked. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) ("New York's three-year statute of limitations for unspecified personal injury actions governs section 1983 actions in New York." (internal citation omitted)). A three-year statute of limitations also applies to claims under the NYSHRL and the NYCHRL. *See Kassner*, 496 F.3d at 239 (applying three-year statute of limitations to discrimination claims under NYSHRL and NYCHRL).

Similarly, Plaintiff's Title VII claim is clearly time-barred. Title VII requires that a plaintiff file a charge with the EEOC within 300 days of an alleged unlawful employment practice where the plaintiff has initially instituted proceedings with a State agency. 42 U.S.C.A. § 2000e-5(e)(1). The alleged unlawful employment practice here occurred in 1996. (Compl. 21.) Plaintiff did not file a charge with the EEOC until, at the earliest, February 23, 2003, (*id.* at 14), and at the latest, October 27, 2016, (*id.* at 20). Even drawing all inferences in Plaintiff's favor, his Title VII claim is undoubtedly time-barred.[9]

---

[9] Even if Plaintiff's Title VII claim were not time-barred, he has failed to allege the requisite employer-employee relationship with DOH to survive a motion to dismiss. *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of Title VII claims."). In particular, Plaintiff failed to make the "threshold showing" that DOH hired and compensated him while he worked at Bellevue. *See id.* at 379. In addition, he failed to allege that DOH exercised a sufficient amount of control over his employment to establish an employment relationship. *See id.* (dismissing Title VII claim of teacher against New York State Education Department where defendant controlled basic curriculum and credentialing of teachers, but did "not exercise the workaday supervision necessary to an employment relationship"). Numerous courts in this district have held that the granting or withholding of a license does not create an employment relationship where the state agency exercises the state's police power in a licensing role. *See, e.g.*, *Gaddy v. Ports Am.*, No. 13 Civ. 3322(AT)(HBP), 2015 WL 3929693, at *1 (S.D.N.Y. June 15, 2015) (dismissing Title VII claim of security officer whose license was revoked by the Waterfront Commission of New York Harbor); *Bonaby v. N.Y.C. Taxi & Limousine Comm'n.*, No. 02 Civ. 5423(LAP), 2003 WL 21649453, at *4 (S.D.N.Y. July 14, 2003) (dismissing Title VII claim of taxi driver whose license was revoked by the New York City Taxi & Limousine Commission on the ground that the Commission was not an employer for purposes of Title VII). Finally, at least one other court in this district has held that Plaintiff could not plausibly establish an employment relationship with Defendants. *Sunnen*, 2010 WL 3912728, at *1. Plaintiff's NYSHRL claim fails for the same reason. *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) ("An employer-employee relationship is also required to sustain analogous claims under the NYSHRL.").

## C. *Res Judicata*

Defendants contend that Plaintiff's claims are also barred by the doctrine of res judicata. (Defs.' Mem. 15–16.) The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). A defendant may prove the defense of res judicata by showing that: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "[D]ismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). State officials sued in their official capacities are in privity with the state agencies for whom they work. *See O'Connor v. Pierson*, 568 F.3d 64, 71 (2d Cir. 2009).

Plaintiff's claims are barred by res judicata because of the dismissal of his prior actions. As referenced above, Plaintiff has filed at least three other actions against the DOH in this Court alone, each involving the same set of facts, each asserting essentially the same claims he asserts here, and each resulting in a dismissal. *See Sunnen*, 2013 WL 1290919; *Sunnen*, 2012 WL 6645942; *Sunnen*, 2010 WL 3912728. There is no question that res judicata applies to preclude Plaintiff's claims in this action. As a result, they are dismissed.

## D. *Amendment of the Complaint*

Plaintiff requests leave to amend his Complaint to add the New York State Department of Education ("DOE") as a defendant, on the basis that it was actually the DOE that revoked his license after the 1996 Proceedings. (Doc. 24.) I find that any amendment to Plaintiff's

Complaint would be futile. In particular, the proposed amendment would not cure the defects related to subject matter jurisdiction, the statute of limitations, or res judicata detailed above. Therefore, Plaintiff's request for leave to amend the Complaint is denied.

### E. *Filing Injunction*

Defendants request that I enjoin Plaintiff from filing further meritless actions in this Court. (Defs.' Mem. 16–19.) District courts have "the authority to enjoin [parties] from further vexatious litigation." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (noting that where a pro se plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *see also* 28 U.S.C. § 1651(a). A district court must consider the following factors in determining whether to issue such an injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Safir*, 792 F.2d at 24. These factors weigh strongly in favor of issuing an injunction against Plaintiff.

Plaintiff has a long history of filing vexatious litigation in this Court and in the state court. As mentioned above, Plaintiff has filed at least three nearly identical cases against DOH in this Court. The court in the 2010 case dismissed Plaintiff's claims under Rule 12(b)(6) without leave to amend because amendment would be futile. *Sunnen*, 2010 WL 3912728, at *2.

11

The court in the 2012 case dismissed Plaintiff's claims under Rule 12(b)(1) and 12(b)(6) with prejudice and noted that Plaintiff's claims were frivolous. *Sunnen*, 2012 WL 6645942, at *3, 7. The court in the 2013 case dismissed Plaintiff's complaint sua sponte because it was frivolous, denied leave to amend because it would be futile, and warned Plaintiff "that further duplicative or frivolous litigation in this Court may result in an order barring Plaintiff from filing new actions without prior permission." *Sunnen*, 2013 WL 1290919, at *4. Plaintiff has filed at least two state court actions that have been similarly unsuccessful. *Sunnen*, 789 N.Y.S.2d 427; *Sunnen*, 666 N.Y.S.2d 239.

Given the history of failed claims, I find that Plaintiff must show cause for why he should not be barred from filing any further actions in this Court without first obtaining permission from this Court to file his complaint.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, (Doc. 13), is GRANTED and Plaintiffs' Complaint is dismissed with prejudice, and Plaintiff's motion for leave to amend the complaint is DENIED as any amendment would be futile. The Clerk of Court is respectfully directed to terminate the open motion at Document 13.

In addition, Plaintiff is ordered to show cause by affirmation why he should not be barred from filing any further actions in this Court without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant . . . without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this Court within sixty (60) days of the date of this order, a written affirmation setting forth good cause why this injunction should not be imposed upon him by this Court.

Should Plaintiff fail to submit an affirmation within the time directed, or should Plaintiff's affirmation fail to set forth good cause why this injunction should not be entered, he may be barred from filing any further actions in this Court without first obtaining permission from this Court to do so.

The Clerk of Court is respectfully directed to mail a copy of this Opinion, Order & Order to Show Cause to the pro se Plaintiff.

SO ORDERED.

Dated: July 27, 2018
      New York, New York

Vernon S. Broderick
United States District Judge